CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
4/4/2023
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
     DEPUTY CLERK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF VIRGINIA

LYNCHBURG DIVISION

| | |
|---|---|
| ZACHARY GRADY, *et al.*, <br><br> *Plaintiff,* <br><br> v. <br><br> DANIEL R. ROTHWELL, *et al.*, <br><br> *Defendants.* | CASE NO. 6:23-cv-00001 <br><br><br> MEMORANDUM OPINION |

This case is before the Court on Defendants' motion to dismiss, Dkt. 35. The case arises out of a motor vehicle accident that occurred in Rockbridge County, Virginia on October 4, 2021. Plaintiffs' decedent, Erin Jo Baker, died that day, due to accident-related injuries. Her fiancé, Zachary Grady, their two minor children, and her mother, Ms. Blackwell, survived her. Mr. Grady qualified as Administrator of the Estate of Erin Jo Baker in Pennsylvania and under Pennsylvania law on December 10, 2021. He has not qualified as personal representative of her estate in Virginia and under Virginia law. Plaintiff Grady, individually and as administrator of the Estate of Erin Jo Baker, and Plaintiff L.G., a minor, by Zachary Grady, parent and guardian, by and through their attorney, filed alternative wrongful death and survival causes, as well as individual claims for negligent infliction of emotional distress. For the following reasons, these claims will be dismissed.

**I.     Background**

The following facts are alleged in Plaintiff's Complaint and assumed true for purposes of resolving this motion. *See King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016) (reiterating the appropriate standard of review).

On October 4, 2021, around 1:05 AM, Erin Jo Baker was driving northbound on Interstate 81 in Rockbridge County, Virginia, with her fiancé Zachary Grady in the front passenger seat and their two minor daughters in the backseat. Dkt. 17 ("Amend. Compl.") ¶¶ 28–30. "Baker was involved in a motor-vehicle crash," causing her car "to come to rest in the left-hand passing lane." *Id.* ¶ 31. Grady exited the vehicle, and he "removed the child that was seated behind him from the vehicle." *Id.* ¶ 33. "Baker had removed their other daughter from the car seat in the rear of the vehicle and handed her to Grady." *Id.* ¶ 37. But Baker told Grady "that the driver's side door was jammed and that she could not exit the vehicle." *Id.* ¶ 34. He could not open the driver's side door. *Id.* ¶ 35. While Baker tried to crawl out of her car on the passenger side, "Daniel R. Rothwell was operating a 2021 International Transtar tractor hauling a trailer northbound on Interstate 81." *Id.* ¶¶ 41–42. Rothwell traveled in the left-hand passing lane at a high rate of speed on a straight stretch of the highway, and his tractor-trailer collided with Baker's car while she was still in it. *Id.* ¶¶ 44–45. Grady and the couple's two daughters were a few feet from Baker's vehicle, on the berm of the left-hand passing lane, when the collision occurred, and they saw the tractor-trailer collide with her vehicle. *Id.* ¶¶ 40–41, 46. Life-flight took Baker from the crash scene to receive medical treatment, and she ultimately died on that same day due to the collision-related injuries she sustained. *Id.* ¶¶ 47–49.

## II.     Legal Standard

When a party attacks the subject matter jurisdiction of the court under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the court generally must determine that it has jurisdiction

as a threshold matter. *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431–32 (2007) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998)). A plaintiff "has the burden of proving that subject matter jurisdiction exists." *Evans v. B. F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Where, as here, a defendant challenges the sufficiency of a plaintiff's allegations to establish subject matter jurisdiction, the court must accept the truth of the plaintiff's allegations at this stage, but still, it is the plaintiff's burden to establish that the allegations are sufficient to support subject matter jurisdiction. *See, e.g.*, *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

In determining choice of law when a case is before a federal district court based on diversity of citizenship, the court applies the choice-of-law rules of the forum state, which, in this case, is Virginia. *See, e.g.*, *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941).[1] "Virginia applies the *lex loci delicti*, the law of the place of the wrong, to tort actions." *Milton v. IIT Research Inst.*, 138 F.3d 519, 521 (4th Cir. 1998) (internal citations omitted). And "the place of the wrong is the place the last event necessary to make an [actor] liable for an alleged tort takes place." *Ford Motor Co. v. Nat'l Indem. Co.*, 972 F. Supp. 2d 850, 856 (E.D. Va. 2013) (internal citations and quotations omitted). Virginia law applies here, as the claimed injuries occurred in Virginia.

---

[1] Though Plaintiffs argue that Pennsylvania law should apply since the case was transferred from the Middle District of Pennsylvania, Dkt. 42 at 7–8, the transferee court must apply the substantive law of the forum in which it sits. *Anderson v. Wade*, 322 Fed. App'x 270, 272 ("If a civil action is transferred from one district court to another, 'the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred.'") (citing 28 U.S.C. § 1631). This case was transferred due to lack of personal jurisdiction, Dkts. 15, 16, and thus transferred pursuant to 28 U.S.C. § 1631.

### III. Analysis

**A. Plaintiffs Lack Standing as to the Wrongful Death Claim**

Plaintiffs' Amended Complaint, as it pertains to their wrongful death and negligence claims on behalf of the Estate of Erin Jo Baker, must be dismissed for lack of standing.

There is no question as to whether the decedent died because of the tortfeasor's alleged negligence, so the survival action shall be amended as exclusively a wrongful death suit. *See* Va. Code Ann. § 8.01-25; *id.* § 8.01-56; *id.* § 8.01-50. Under Virginia law, an action for wrongful death may only "be brought by and in the name of the personal representative of such deceased person." *Id.* § 8.01-50(C). "A wrongful death action is a *right of action* to enforce a *cause of action*, both created by statute in derogation of the common law." *Horn v. Abernathy*, 343 S.E.2d 318, 323 (Va. 1986) (internal citations omitted) (emphasis in original). Though the right of action is vested in the decedent's personal representative, the right of action "is not a right to enforce a cause of action personal to the personal representative. As the party-plaintiff, he is merely a surrogate for the beneficiaries of the cause of action named in Code § 8.01-53." *Id.*; *see also* Va. Code Ann § 8.01-53. And "a foreign administrator, who has acquired no status in Virginia, is without authority to institute in his official capacity any action or suit in the courts of this State." *Harmon v. Sadjadi*, 639 S.E.2d 294, 299 (Va. 2007) (internal citations omitted).[2] Thus, as Mr. Grady fails to qualify in Virginia as the personal representative for Ms. Baker's Estate, he lacks standing to bring a wrongful death action under Va. Code Ann. § 8.01-50.

**B. Plaintiffs Fail to Allege Sufficient Facts for Negligent Infliction of Emotional Distress Claims**

---

[2] Still, "[a] resident and nonresident may be appointed as coadministrators." Va. Code § 64.2-454.

Under Virginia law, a negligent infliction of emotional distress claim requires a plaintiff to have experienced physical injury:

> [W]here the claim is for emotional disturbance *and* physical injury resulting therefrom, there may be recovery for negligent conduct, notwithstanding the lack of physical impact, provided the injured party properly pleads and proves by clear and convincing evidence that his physical injury was the natural result of fright or shock proximately caused by the defendant's negligence. In other words, there may be recovery in such a case if, but only if, there is shown a clear and unbroken chain of causal connection between the negligent act, the emotional disturbance, and the physical injury.

*Delk v. Columbia/HCA Healthcare Corp.*, 523 S.E.2d 826, 833 (Va. 2000) (quoting *Hughes v. Moore*, 197 S.E.2d 214, 219 (Va. 1973) (citing also *Myseros v. Sissler*, 387 S.E.2d 463, 464 (1990)). As the Eastern District of Virginia has explained, "the plaintiff must allege and prove that he suffered a physical injury that differs from the symptoms of an emotional disturbance, not . . . a physical ailment caused by emotional distress." *Klar v. Fed. Nat. Mortg. Ass'n*, No. 3:13-cv-00462-JAG, 2014 WL 412533, at *7 (E.D. Va. Feb. 3, 2014).

The Amended Complaint alleges no physical injury to Plaintiffs. Plaintiffs only allege that "[a]s a result of witnessing the collision, [the Plaintiffs have] suffered and will continue to suffer emotional distress, in the form of, but not limited to, depression, anxiety, and difficulty sleeping." Amend. Compl. ¶¶ 85, 95, 103, 113. The Supreme Court of Virginia has previously concluded that, when a medical expert described a defendant as having an anxiety disorder "accompanied by sweating, dizziness, nausea, difficulty in sleeping and breathing, constriction of the coronary vessels, two episodes of chest pain, hypertension, unstable angina, an electrocardiogram showing marked ischemia, loss of appetite and weight, change in heart function, and problems with the heart muscle," all that the defendant proved were "the typical symptoms of an emotional disturbance, for which there can be no recovery." *Myseros*, 387 S.E.2d at 465–66 (internal quotations omitted). Similarly, without having alleged a clear and

unbroken chain of causal connection between a negligent act, emotional disturbance, and a physical injury Plaintiffs' negligent infliction of emotional distress claim must be dismissed.

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss, Dkt. 36, will be granted.

Entered this **4th** day of April, 2023.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE
